### In re KONTOS.

(District Court, N. D. Alabama, S. D. December 31, 1925.)

Aliens ⬦61—It is enough that, before hearing, though after filing, of petition of woman to be naturalized as wife of naturalized citizen, he was naturalized (Act Sept. 22, 1922, c. 411, 42 Stat. 1021).

Under Act Sept. 22, 1922, c. 411, denying a woman citizenship through her subsequent marriage to a citizen or through subsequent naturalization of her husband, but prescribing a method of obtaining citizenship by her own act, while her requisite residence must antedate filing of her petition, naturalization of her husband need not do so, but it is enough that he has been naturalized when her petition comes on for hearing; the statute describing a class entitled to the benefit of the method, rather than a condition precedent to making application for citizenship.

Application by Stella Kontos for final citizenship papers. Application granted.

Worthington Blackmon, of Birmingham, Ala., for the United States.

GRUBB, District Judge. A single question is presented for decision by this application. The applicant is the wife of Alex Kontos. At the time her application for final papers was filed, Alex Kontos was still an alien. His application for final papers was still pending. Alex Kontos was naturalized before his wife's application came on to be heard. The question is whether Stella Kontos prematurely filed her application, having filed it in advance of her husband's naturalization.

It is true that the applicant's status is ordinarily to be determined as it was at the time of the filing of her petition, rather than at the time of the hearing thereon. The requisite duration of residence in the United States and in the particular state must antedate the filing of the petition. The act of Congress (Act Sept. 22, 1922, 42 Stat. p. 1021, c. 411) which denied a woman citizenship through her marriage to a citizen, substituted in her favor, in lieu thereof, a method of obtaining citizenship by her own act. It described the class of women who were entitled to the benefits of the method as women who were the wives of men who were born in the United States, or had been naturalized—the class which had theretofore received citizenship automatically by their marriage. It seems to me the act of Congress intended to describe a class, rather than to prescribe a condition precedent to the making of an application for citizenship. If this is the proper construction of the act, then it seems to me that, if the applicant comes within the described class at the time the court is called upon to pass upon her petition, it is enough, though she was not of the class when she applied. Mrs. Kontos was the wife of a naturalized husband when her petition to be naturalized came on for hearing, and of the class entitled to final papers.

I think her application should be granted; and it is so ordered.